IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 22 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| DEANNA L. WAGNER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-657-A |
| | § | |
| DAVID STOCKMAN, INDIVIDUALLY | § | |
| AND AS SUBSTITUTE TRUSTEE FOR | § | |
| CITIMORTGAGE, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action is before the court by notice of
removal filed by defendant CitiMortgage, Inc. ("CitiMortgage").
Also named as defendants are David Stockman ("Stockman"),
individually and as substitute trustee for CitiMortgage, Dennis
P. Schwartz, Trustee ("Schwartz"), and Margo Lawson ("Lawson").[1]
Plaintiffs, Deanna L. Wagner and Roger H. Wagner, initiated this
action by the filing of a pleading in the District Court of
Tarrant County, Texas, 236th Judicial District.

---

[1]Stockman, CitiMortgage, and Schwartz are named as defendants in plaintiffs' state court
pleading.  Plaintiffs purportedly added Margo Lawson as a party in the state court by filing a document
titled "Notice for Immediate Adding Party to Lawsuit and Vacating Tarrant County District Clerk's
Contest of Affidavit of Indigence Hearings Supported by Affiant(s) Affidavit."

I.

## Background and Plaintiffs' State Court Pleading

The notice of removal invoked the court's diversity
jurisdiction as the basis for removal.  While complete diversity
is alleged as between CitiMortgage and plaintiffs, Stockman,
Schwartz, and Lawson are alleged to be citizens of Texas, whose
presence in this action would ordinarily destroy complete
diversity and divest the court of jurisdiction.  CitiMortgage
maintains, however, that Stockman, Schwartz, and Lawson have been
improperly joined, such that their citizenship should be
disregarded for purposes of determining the court's diversity
jurisdiction.

Plaintiffs appear to have filed this action in response to
attempts to initiate foreclosure proceedings on their property in
Grand Prairie, Texas.  The complaint alleges, in a general way,
that unspecified defendants engaged in "harassment tactic[s] by
posting [plaintiffs'] property address into the public for the
county of Tarrant in which created unlawful drive byes and
Attorney Letters," "harass[ed]" plaintiffs, as well as their
"Family and friends on our street . . . which is a form of
slavery for unlawful enrichment," caused plaintiffs "undue
hardship through fraud and organized crime," and violated
plaintiffs' rights "under Human Rights for Declaration for Human

2

Rights [preamble] and right to contact with full disclosure."
Notice of Removal, Ex. 1 p. 2 (errors and capitalization in
original). Plaintiffs requested relief in the form of a
declaratory judgment to quiet title and also sought rescission of
the deed of trust.

## II.

### Improper Joinder

The burden of establishing federal jurisdiction is on the
party seeking removal. <u>Gasch v. Hartford Accident & Indem. Co.</u>,
491 F.3d 278, 281 (5th Cir. 2007). "The removal statute is
therefore to be strictly construed, and any doubt about the
propriety of removal must be resolved in favor of remand." <u>Id.</u>
at 281-82. When, as here, federal jurisdiction is based on
diversity, an action "may not be removed if any of the parties in
interest properly joined and served as defendants is a citizen of
the State in which such action is brought." 28 U.S.C. §
1441(b)(2). When removal is premised on the alleged improper
joinder of an in-state defendant, the removing party must show
that joinder of the in-state party was improper. <u>Smallwood v.
Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004).

The Fifth Circuit recognizes two ways to establish improper
joinder: "(1) actual fraud in the pleading of jurisdictional
facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." Id. at 573

(internal citation omitted).  Because CitiMortgage has not

alleged actual fraud in the pleadings, the test for improper

joinder is:

> whether the defendant has demonstrated that there is no
> possibility of recovery by the plaintiff against an
> in-state defendant, which stated differently means that
> there is no reasonable basis for the district court to
> predict that the plaintiff might be able to recover
> against an in-state defendant.

Id.  To answer this question, the court may either: (1) conduct a

Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary

inquiry "to identify the presence of discrete and undisputed

facts that would preclude plaintiff's recovery against the in-

state defendant." Id. at 573-74.  As CitiMortgage has not

alleged fraud in the pleading of jurisdictional facts, the court

must consider whether there exists a reasonable basis that

plaintiff might be able to recover against Stockman, Schwartz,

and Lawson.

In conducting a Rule 12(b)(6)-type analysis of plaintiffs'

claims, the court "look[s] initially at the allegations of the

complaint to determine whether the complaint states a claim under

state law against the in-state defendant." Smallwood, 385 F.3d

at 573.  Taking into account that "Texas follows a "fair notice"

standard for pleading and that "[p]leadings are to be construed

4

liberally in favor of the pleader," <u>Horizon/CMS Healthcare Corp.</u>
<u>v. Auld</u>, 34 S.W.3d 887, 896 (Tex. 2000), the court has concluded
that there is no reasonable basis to predict that plaintiffs
might be able to recover against Stockman, Schwartz, or Lawson.

Even the most generous reading of the state court pleading
shows an absence of any facts alleging that Stockman, Schwartz,
or Lawson engaged in any unlawful conduct against plaintiffs.
The state court pleading fails to describe with particularity
anything that any of the defendants has done with regard to
plaintiffs, or even to allege that Stockman, Schwartz, or Lawson
have engaged in any conduct that concerns plaintiffs.  The
allegations in the pleading also fail to distinguish one
defendant from another.  At most, the pleading contends that
unspecified defendants have tried to foreclose on plaintiffs'
property.  The remaining statements in the pleading are nothing
more than conclusory assertions lacking factual support.

For example, plaintiffs maintain that defendants have
harassed them and caused them undue hardship, but no facts are
alleged to support these assertions.  Further, it appears Lawson
was added as a defendant only after she filed, in her capacity as
deputy district clerk of Tarrant County, a document contesting
plaintiffs' affidavit of indigency submitted in the state court

action.  Nor do the names of Schwartz, Stockman, and Lawson even
appear in the state court pleading.

Although a complaint need not contain detailed factual
allegations, plaintiffs must do more than simply allege legal
conclusions or recite the elements of a cause of action.  <u>Bell
Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 & n.3 (2007).  Thus,
while a court must accept all of the factual allegations in the
complaint as true, it need not credit bare legal conclusions that
are unsupported by any factual underpinnings.  <u>See</u> <u>Ashcroft v.
Iqbal</u>, 556 U.S. 662, 679 (2009).  The court does not accept the
conclusory allegations and unwarranted deductions of fact, as
alleged by plaintiffs, as true.  Plaintiffs have provided only
labels and conclusions, and their pleading provides no reasonable
basis for predicting that plaintiffs would be able to recover
against Stockman, Schwartz, and Lawson.  Accordingly, the court
concludes that all claims against these defendants should be
dismissed.

III.

Claims Against CitiMortgage

Following the court's dismissal of the improperly joined
defendants, the court finds that it has diversity jurisdiction
over this action.  That conclusion, however, does not end the
court's inquiry.  The court has <u>sua</u> <u>sponte</u> reviewed the state

6

court pleading as to plaintiffs' claims against CitiMortgage and is concerned that it fails to allege a claim upon which relief could be granted.

The court may consider the sufficiency of a complaint and sua sponte dismiss the action "as long as the procedure employed is fair." Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006) (internal citation and quotation marks omitted). Fairness typically requires notice and an opportunity to respond. Id. Accordingly, prior to dismissing plaintiffs' claims against CitiMortgage, the court is giving them an opportunity to file an amended complaint.

In filing the amended complaint, plaintiffs should bear in mind the requirements of Rule 8(a), Rule 9, and Rule 10(b) of the Federal Rules of Civil Procedure.  Specifically, Rule 8(a) requires a pleading to contain

> (2) a short and plain statement of the claim showing
> that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include
> relief in the alternative or different types of relief.

Rule 9 of the Federal Rules of Civil Procedure imposes additional pleading requirements on a party alleging fraud or mistake.  Rule 10(b) also requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  The amended complaint must also

7

plead facts that show the plaintiffs' right to relief is plausible. <u>Iqbal</u>, 556 U.S. at 679. Plaintiffs must take all of the foregoing into account in filing their amended complaint. Should plaintiffs fail to comply with the foregoing requirements, the court will consider the dismissal of plaintiffs' claims against CitiMortgage without further notice.

IV.

<u>Order</u>

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs, Deanna L. Wagner and Roger H. Wagner, against defendants Stockman, Schwartz, and Lawson be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

The court further ORDERS that the style of this action be modified by the elimination of all defendants except CitiMortgage from the style, so that from this point forward the style of this action shall be "Deanna L. Wagner and Roger H. Wagner, Plaintiffs, v. CitiMortgage, Inc., Defendant."

The court further ORDERS that plaintiffs by September 8, 2014, file an amended complaint that complies with the

8

requirements of Rule 8, Rule 9, if applicable, and Rule 10 of the Federal Rules of Civil Procedure.

The court further ORDERS that failure of plaintiffs to comply with this order may result in the dismissal of this action without further notice.

SIGNED August 22, 2012.

_____
JOHN McBRYDE
United States District Judge

9