NORTHERN DISTRICT OF TEXAS
FILED

NOV - 6 2014

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DEANNA L. WAGNER AND ROGER      §
H. WAGNER,                      §
                                §
        Plaintiffs,             §
                                §
VS.                             §   NO. 4:14-CV-657-A
                                §
CITIMORTGAGE, INC.,             §
                                §
        Defendant.              §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion to dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, filed in the above action by defendant, CitiMortgage,

Inc.  Plaintiffs, Deanna L. Wagner and Roger H. Wagner, appearing

pro se, filed nothing in response to the motion.  Having now

considered the motion and its appendix, plaintiffs' amended

complaint, and the applicable legal authorities, the court

concludes that the motion should be granted.

I.

Background and Plaintiffs' Pleaded Claims

Plaintiffs initiated this action by filing their state court

pleadings in the District Court of Tarrant County, Texas, 236th

Judicial District.[1]  Following removal, the court dismissed as improperly joined several individual defendants, leaving CitiMortgage, Inc., as the only defendant.  The court ordered plaintiffs to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Plaintiffs then filed the amended complaint.

Although the amended complaint contains few discernible factual allegations, it appears that plaintiffs on or about March 21, 2008, executed a promissory note in the amount of $268,850.00, payable to American Southwest Mortgage Corp. ("American Southwest"), secured by a deed of trust, for the purchase of property in Grand Prairie, Texas.  Plaintiffs twice obtained a modification of their original loan.  The deed of trust was later assigned to defendant.  Plaintiffs fell behind on their loan payments, and at the time defendant filed the motion to dismiss, plaintiffs were more than three years delinquent.

---

[1]The document by which plaintiffs initiated this action is titled "Application for Immediate Declaratory Judgment Order for Quite Title and the Immediate Rescission of the Deed of Trust for the removal of Trustees' from our account supported by affiant affidavit" (errors and capitalization in original).

Defendant has attempted to foreclose on plaintiffs'
property. Apparently in an attempt to disrupt this process,
plaintiffs have filed five bankruptcy actions; four were
dismissed for failure of the plaintiffs to file required
information, and one was dismissed for failure to pay a required
fee. Plaintiffs also filed a previous action against defendant
in Civil Case No. 4:12-CV-062-Y, which was dismissed without
prejudice on March 15, 2012, for failure of plaintiffs to comply
with the court's orders.

Plaintiffs alleged eighteen[2] claims and causes of action
against defendant: (1) violation of 12 U.S.C. § 1828(g)(2); (2)
violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601
et seq.; (3) violation of the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692e; (4) violation of section
623(a)(1)(A) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.
§ 1631s-2;[3] (5) breach of written contract; (6) lack of
consideration; (7) fraud in the inducement; (8) promissory
estoppel; (9) breach of covenant of good faith and fair dealing;
(10) breach of fiduciary duty; (11) ultra vires, also titled
"lack of power of defendant's agents to bind defendant to

[2]The amended complaint included a claim number 19, which is a request for attorney's fees.

[3]The amended complaint refers to 15 U.S.C. § 45(a), which pertains to unfair methods of
competition regulated by the Federal Trade Commission, and is inapplicable to the claims in this action.

3

contract," Am. Compl. at 15; (12) violation of the Deceptive

Trade Practices Act ("DTPA"), chapter 17 of the Texas Business &

Commerce Code; (13) negligent misrepresentation; (14) money had

and received; (15) conversion; (16) rescission; (17) unjust

enrichment; and, (18) civil conspiracy.

## II.

### Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests."

Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis

omitted). Although a complaint need not contain detailed factual

allegations, the "showing" contemplated by Rule 8 requires the

plaintiff to do more than simply allege legal conclusions or

recite the elements of a cause of action. Id. at 555 & n.3.

Thus, while a court must accept all of the factual allegations in

the complaint as true, it need not credit bare legal conclusions

that are unsupported by any factual underpinnings. See Iqbal,

556 U.S. at 679 ("While legal conclusions can provide the

4

framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is
plausible.  Id. at 678.  To allege a plausible right to relief,
the facts pleaded must suggest liability; allegations that are
merely consistent with unlawful conduct are insufficient.
Twombly, 550 U.S. at 566-69.  "Determining whether a complaint
states a plausible claim for relief . . . [is] a context-specific
task that requires the reviewing court to draw on its judicial
experience and common sense."  Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in
deciding a motion to dismiss.  Spivey v. Robertson, 197 F.3d 772,
774 (5th Cir. 1999).  "Pleadings" for purposes of a Rule 12(b)(6)
motion include the complaint, its attachments, and documents that
are referred to in the complaint and central to the plaintiff's
claims.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496,
498-99 (5th Cir. 2000).  Additionally, "it is clearly proper in
deciding a 12(b)(6) motion to take judicial notice of matters of
public record."  Norris v. Hearst Trust, 500 F.3d 454, 461 n.9
(5th Cir. 2007).  Because the documents in the appendix in
support of the motion to dismiss are considered part of the

pleadings or are public records, the court may consider such documents in its resolution of the motion.  Id.

### III.

### Application of Law to Facts

#### A.   The Amended Complaint is Frivolous

Rule 8(a) requires that a complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Twombly, 550 U.S. at 555.  Having reviewed the amended complaint, the court has concluded that nothing therein comes remotely close to meeting that standard, especially in light of the requirements of Twombly and Iqbal.  Few factual allegations can be found, and some of the purported claims and causes of action are wholly frivolous and nonsensical.  Dismissal of the entire complaint is warranted on this basis.  Dismissal of each claim is also warranted on the additional grounds set forth below.

#### B.   None of the Claims Have Merit

##### 1.   Claim Under 12 U.S.C. § 1828(g)(2)

This section, under which plaintiffs purport to bring a claim against defendant, was repealed by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 627(a)(3), 124 Stat. 1376, 1640 (2009).  Nothing further need be said to show dismissal is warranted as to this claim.

6

## 2.   Breach of Written Contract

Although the breach of written contract claim is the

fifth cause of action in the amended complaint, the court is

discussing it early in this memorandum opinion and order because

a number of plaintiffs' other claims are based on the same

allegations, which are described in greater detail under the

breach of contract claim, and which the court sets forth below:

On or about the 21st day of March, 2008 Plaintiff's
executed and delivered to Defendant Bank, their
promissory note in the sums of $268,850.00, along with
the Deeds of Trust securing their promissory note
granting a first lien on their homestead in Grand
Prairie, Tarrant County Texas.   Through subsequent
assignments, Plaintiff's promissory note and deed of
trust were assumed in all respects by Defendant Bank
herein.

The promissory note contains the following statement:
    "In return for a loan that I have received, I
    promise to pay U.S. ($268,850.00, (this
    amount is called 'Principle'), plus Interest,
    to the order of the Lender.   The Lender is
    American Southwest Mortgage "(who immediately
    sold to CITIMORTGAGE)", organized and
    existing under the laws of the State of New
    York."

The truth is that at the moment the original note was
executed and delivered by Plaintiff's to Defendant
Bank, Defendant Bank not only had not made their loan
to Plaintiff's, but did not have the funds to make this
loan.   The only "asset" to their transaction was the
promissory note delivered by Plaintiff's to Defendant
Bank. . . .  By definition, according to the Federal
Reserve Bank, a promissory note is money.

Upon receipt of the Plaintiff's promissory note,
Defendant Bank deposited the same into an account as an

7

asset of Defendant Bank and, in line with generally accepted accounting principles, Defendant Bank opened an offsetting liability account as a loan from Plaintiff's to Defendant Bank in approximately the same amount. This was done without the knowledge of Plaintiff's and never disclosed the Plaintiff's by Defendant Bank.

By making the described accounting entries, Defendant Bank "created" their money from only the use of Plaintiff's promissory note. Subsequent to the above transactions, Defendant Bank did loan the subject amount to Plaintiff's by merely loaning Plaintiff's back the money Defendant Bank had created by use of Plaintiff's promissory note.

At all times relevant to their transaction, Plaintiff's had reason to believe and did believe that Defendant Bank was "at risk" and the contract had valid consideration on the part of Defendant Bank when in fact, Defendant Bank had no risk and had parted with no consideration at all. Defendant Bank fraudulently concealed his information from Plaintiff's and fraudulently induced Plaintiff's to enter into his contract by such concealment. These actions on the part of Defendant Bank constitute a material breach of contract.

Am. Compl. at 8-10, ¶¶ 25-30 (errors in original) (paragraph numbers omitted).

As far as the court can tell, the essence of this claim appears to be that plaintiffs gave defendant a promissory note, which defendant then used to create money that it loaned to plaintiffs, with the net result that defendant only loaned plaintiffs their own money.

8

Defendant argued for dismissal of the breach of contract claim for several reasons, all of which appear to have merit, but only two of which need mentioning here. First, this claim is completely nonsensical and on its face, fails to state any claim for relief. Additionally, to state a claim for breach of contract requires plaintiffs to show, <u>inter</u> <u>alia</u>, that they performed or tendered performance under the contract. <u>Mullins v.</u> <u>TestAmerica, Inc.</u>, 564 F.3d 386, 418 (5th Cir. 2009). "It is well-settled that a party to a contract who is himself in default cannot maintain a suit for its breach." <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam) (internal quotation marks and citation omitted). Here, it is undisputed that plaintiffs have failed to tender performance under the note and deed of trust, so they cannot sustain a breach of contract claim.

Several of plaintiffs' other claims are also grounded on the allegations set forth above, including the claims for violations of TILA, lack of consideration, promissory estoppel, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, violations of the DTPA, negligent misrepresentation, conversion, unjust enrichment, and civil conspiracy. No other facts are alleged as to any of these claims as would make any of them a viable cause of action against defendant. Accordingly,

9

each of the aforementioned claims is dismissed as nonsensical and for failure to state a claim for relief.

Defendant in its motion also argued for dismissal of the foregoing claims on other grounds as well. The court has considered the grounds raised as to each claim and concludes that they have merit and would likely result in the dismissal of each claim. However, given the dismissal of such claims for the reasons stated above, no further discussion or consideration of the additional grounds is needed.

### 3.  FDCPA

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds by 761 F.2d 237. Defendant argued that dismissal of this claim is warranted because the "legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Id. The court agrees.

Here, it is undisputed that defendant was the servicer of plaintiffs' mortgage loan. Accordingly, defendant is not a "debt

10

collector" as contemplated by the FDCPA. Additionally, as argued in defendant's motion, the complaint merely recites the statutory language, with no facts alleged to support the recitations. This claim represents the types of labels and conclusions, and conclusory assertions masquerading as facts, that are insufficient to state a claim for relief. See Iqbal, 556 U.S. at 679.

4. FCRA

The FCRA claim appears to arise under 15 U.S.C. § 1631s-2, the section of the FCRA that governs furnishers of information to consumer reporting agencies. As with their FDCPA claim, plaintiffs have alleged no facts to support this claim. All that is alleged as to this claim is that defendant furnished information to a consumer reporting agency which defendant knew was inaccurate. Absent from the amended complaint are any facts alleging what information was furnished, when, to which consumer reporting agency, and any indication of how defendant knew the information was inaccurate. The conclusory assertions made in the amended complaint are insufficient to give defendant fair notice of plaintiffs' FCRA claim and the grounds on which its rests. Id. Accordingly, this claim is dismissed.

11

5.    Fraud in the Inducement

Defendant argued for dismissal of the fraudulent inducement claim on a number of grounds, all of which appear to have merit. However, the court finds dispositive defendant's argument that the statute of limitations has run on this claim.

In Texas, fraud claims are subject to a four-year statute of limitations.  Tex. Civ. Prac. & Rem. Code § 16.004(a)(4).  Eagle Props., Ltd. v. Scharbauer, 807 S.W.2d 714, 725 (Tex. 1990).  A fraud claim begins to accrue on the date of the allegedly fraudulent activity or the date that facts giving rise to the fraud could reasonably have been discovered.  Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003); Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988).  Stated differently, "[a] cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy."  Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998), superseded by statute on other grounds, Tex. Fin. Code Ann. § 304.1045.

Here, plaintiffs alleged that the fraudulent misrepresentations were made "in the initial loan negotiations."

12

1st Am. Compl. at 11 ¶ 37. Plaintiffs executed their note and deed of trust on March 21, 2008. Hence, the allegedly fraudulent activity could have occurred no later than that date. Plaintiffs were thus required to bring any claim for fraudulent misrepresentation within four years, or by March of 2012. The instant claim, filed in this action in September 2014, is well beyond the limitations period.

6.   Ultra Vires

As to this claim, plaintiffs alleged that defendant's charter prohibited it from "lending is credit (Ultra Vires)," that defendant's officers "lacked the authority to bind Defendant Bank in its original written contract" with plaintiffs, and consequently, "the written contract between Plaintiff's and Defendant Bank should be rendered void ab initio." 1st Am. Compl. at 15 ¶¶ 55-56 (errors in original).

"An act of a corporation is said to be ultra vires when beyond the scope either of the express or implied powers of its charter." Temple Lumber Co. v. Miller, 169 S.W.2d 256, 258 (Tex. Civ. App.--Fort Worth 1943, writ refused w.o.m.). Conversely, an act is not ultra vires if it is within the scope of the corporation's implied powers. Id. As an initial matter, it is

13

unclear exactly what plaintiffs have attempted to allege under this cause of action. To the extent plaintiffs base this claim on their contention that defendant only loaned plaintiffs their own money, created by the deposit of the promissory note, this claim fails as nonsensical. Further, the contention, if plaintiffs have attempted to make it, that a bank engaged in ultra vires acts by loaning money is nonsensical and inimical to a key purpose and function of a bank. Thus, whatever plaintiffs have attempted to allege by this cause of action, they have failed to state a claim for relief.

### 7. Money Had and Received

To state a claim for money had and received requires plaintiffs to show that: (1) the defendant holds money, and (2) the money "in equity and good conscience" belongs to the plaintiffs. Staats v. Miller, 243 S.W.2d 686, 687 (Tex. 1951). The sole contention concerning this cause of action in the amended complaint states that defendant "received Plaintiff's [sic] money (promissory note) and in equity and good conscience it ought to pay over to Plaintiff's [sic] the amount of money represented by the promissory note." 1st Am. Compl. at 18 ¶ 69.

14

Not only are no facts alleged to show why "in equity and good conscience" defendant should pay any money to plaintiffs, the complaint and papers submitted in support of the motion to dismiss conclusively show the opposite: plaintiffs owe defendant money, in the form of payments on their loan under the note and deed of trust, but have failed to make such payments for a substantial period of time. Accordingly, plaintiffs have failed to state a claim for money had and received.

## 8.   Rescission

The amended complaint alleged generally that plaintiffs are entitled to rescind the contract between the parties and cancel their promissory note. Rescission generally requires "notice and tender," meaning the plaintiff must timely inform the defendant that the contract is being rescinded and return or offer to return the property or other benefit the plaintiff has received. Cruz v. Andrews Restoration, Inc., 364 S.W.3d 817, 824 (Tex. 2012). This is because rescission demands that "the parties must be placed in status quo, and on the maxim '[h]e who seeks equity must do equity.'" David McDavid Pontiac, Inc. v. Nix, 681 S.W.2d 831, 836 (Tex. App.--Dallas 1984, writ refused n.r.e). The party

seeking rescission bears the burden to establish he is entitled to such equitable relief. Id.

Defendant in its motion argued for dismissal of this claim on grounds that plaintiffs have neither tendered, nor offered to tender, the benefit they received from the contract, that is, their property. Indeed, the records of this court and the bankruptcy court show the opposite: that plaintiffs have filed multiple frivolous civil and bankruptcy actions in an effort to keep their property. Nor have plaintiffs shown that they are equitably entitled to rescission. Further, to the extent this claim is grounded on the contention that defendant only loaned plaintiffs their own money through deposit of plaintiffs' promissory note, they have failed to state any claim for relief.

## C.   Plaintiffs as Vexatious Litigants

Defendant asks that the court enjoin plaintiffs from filing further actions in this court without obtaining leave of the court.   Although plaintiffs have filed several bankruptcy actions, the court notes that plaintiffs filed the two civil actions in the state court, which defendant then removed to federal court.   The court agrees that plaintiffs appear to have repeatedly attempted to engage the courts in a scheme to avoid

16

foreclosure of their property following their failure to fulfill their obligations under the note and deed of trust.  However, defendant provided no authority for the proposition that this court could enjoin plaintiffs from any future filings in state court, where their civil actions have originated.  Plaintiffs should not consider the court's denial of defendant's request for injunctive relief as a license to continue their abusive tactics. Future frivolous filings may result in the imposition of sanctions against plaintiffs, including payment of defendant's attorney's fees and costs.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiffs, Deanna L. Wagner and Roger H. Wagner, against defendant, CitiMortgage, Inc., be, and are hereby, dismissed with prejudice.

SIGNED November 6, 2014.

JOHN McBRYDE
United States District Judge

17